**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BAPTIST HEALTH d/b/a**
**BAPTIST HEALTH MEDICAL CENTER**                                    **PLAINTIFF**

**v.**                                    **4:04 CV 001243 WRW**

**TODD P. SMITH, M.D**                                    **DEFENDANT/ THIRD PARTY**
                                                         **PLAINTIFF**

**v.**

**ROBERT CASALI, M.D. and**
**CENTRAL ARKANSAS**
**VASCULAR SURGERY, P.A.**                                    **THIRD-PARTY DEFENDANTS**

## ORDER

Pending are Third-Party Plaintiff's Motion to Amend/Correct Judgment (Doc. No. 166) and Motion for Attorney's Fees and Costs (Doc. No. 168). By letter sent on June 6, 2007, the parties were directed to file simultaneous briefs addressing the following two issues:

1. Since the attorney's fee Order (Doc. No. 138) for $31,611.23 was not appealed, does the Defendant's successful appeal of the indemnity issue automatically reverse the attorney's fee award?; and

2. Is Plaintiff correct in contending his success in defending the contract action (counterclaim) entitle him to lawyer's fees on this action?

In their briefs,[1] Third-Party Defendants argue and Dr. Smith concedes that the answer to the first question is "yes." Because Dr. Casali successfully appealed the indemnity issue, the award of attorney's fees is automatically reversed.[2] Accordingly, Third-Party Plaintiff's Motion to Amend

---

[1] Doc. Nos. 174 and 175.

[2] *Dillard's Inc. v. Liberty Life Assur. Co. of Boston*, 456 F.3d 901, 903 (8th Cir. 2006).

1

Judgment is DENIED. Whether Dr. Smith is entitled to attorney's fees as the prevailing party on Third-Party Defendants' breach of contract claim remains.

Dr. Smith, as the prevailing party, asks for $17,000 in attorney's fees under Ark. Code Ann. § 16-22-308, for successfully defending against Dr. Casali's and CAVS's breach of contract claim. "There can be only one prevailing party in an action at law for the recovery of a money judgment; sometimes each party wins on some of the issues, but the party in whose favor the verdict compels a judgment is the prevailing party."[3] "Each side may score, but the one with the most points at the end of the contest is the winner and is entitled to recover his costs."[4] The Arkansas Supreme Court, however, construes the term "'prevailing party' in terms of the entire case and not in terms of particular issues or actions therein."[5]

Dr. Casali and CAVS argue that because they were successful on the indemnity issue on appeal, that, looking at the case as a whole, they are the prevailing party. Dr. Smith, however, was successful in both his contribution claim and in defending the breach of contract claim. While attorney's fees are not available for contribution, Dr. Smith's success can be considered a "point" in his favor. Third-party Defendants have been directed to pay Dr. Smith their *pro rata* share, or two-thirds of $158,770.93, plus interest. Accordingly, Third-Party Plaintiff's Motion for Attorney's Fees is GRANTED. Third-Party Defendant is ordered to pay Plaintiff $12,000.00 in attorney's fees.

IT IS SO ORDERED this 27th day of June, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] *C & W Asset Acquisition, LLC v. Whittington*, 90 Ark. App. 213, 216 (2005) (quoting *Gill v. Transcriptions, Inc.*, 319 Ark. 485 (1995)).

[4] *Id.*

[5] *CJ Bldg. Corp. v. TRAC-10*, 368 Ark. 654 (2007) (citing *Perry v. Baptist Health*, 368 Ark. 114 (2006).